IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In the Matter of THE COMPLAINT OF UNDER THE BRIDGE WATERSPORTS, LLC, as Owner of the 2001 Godfrey Marine Company 22' 0" pontoon vessel Seeking Exoneration from or Limitation of Liability. | *<br>*<br>*   Civil Action No. GLR-20-1111<br>* |

***

# MEMORANDUM OPINION

THIS MATTER is before the Court on Complainant Under the Bridge Watersports, LLC's ("UTB") Motion for Attorney Fees (ECF No. 77), Supplemental Motion for Attorney Fees (ECF No. 83), and Bill of Costs (ECF No. 87). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant the Motions for Attorney Fees.

## I.   BACKGROUND

### A.   Factual Background

This action arises from a boating accident on August 1, 2019.[1] (Compl. Seeking Exoneration or Limitation Liability ["Compl."] ¶¶ 2, 4, ECF No. 1). Claimants Michael Dorris and Christina Dorris, individually and as Parents and Next Friends of Nathaniel Dorris and Milena Dorris; Jennifer Tressler, individually and as Parent and Next Friend of Connor Tressler; and Logan Tressler, Luke Tressler, and Damon Schorr's (collectively, "Claimants"), rented a pontoon vessel from UTB and Michael Dorris, Jr., Christina Dorris,

---

[1] The facts are set forth more fully in the Court's February 16, 2023 Memorandum Opinion. (ECF No. 74).

and Jennifer Tressler (the "Adult Claimants") signed a "Participant Agreement, Release and Assumption of Risk" contract (the "Agreement") before boarding. (Agreement at 1, ECF No. 66-4). The Agreement provided, in pertinent part,

> I hereby agree to release, indemnify, and discharge [UTB], on behalf of myself, my spouse, my children, my parents, my heirs, assigns, personal representative and estate . . . I acknowledge that my participation . . . entails known and unanticipated risks . . . . I expressly agree and promise to accept and assume all of risks existing in this activity . . . I hereby voluntarily release, forever discharge, and agree to indemnify and hold harmless [UTB] from any and all claims, demands, or causes of action, which are in any way connected with my participation in this activity or my use of [UTB's] equipment or facilities, **including any such claims which allege negligent acts or omissions of [UTB]**. . . . Should [UTB], or anyone acting on their behalf, be required to incur attorneys fees and costs to enforce this agreement, I agree to indemnify and hold them harmless for all such fees and costs. . . . **By signing this document, I acknowledge that if anyone is hurt or property is damaged during my participation in this activity, I may be found by a court of law to have waived my right to maintain a lawsuit against [UTB] on the basis of any claim from which I have released them herein**. . . . **I have had sufficient opportunity to read this entire document. I have read and understood it, and I agree to be bound by its terms.**

(Id. at 2 (emphasis in original)). The Adult Claimants also signed a portion of the Agreement entitled "Parent's or Guardian's Additional Indemnification" on behalf of the minors. (Id.).

During their voyage, the boat capsized and Claimants were injured. (Compl. ¶ 5).

**B.     Procedural History**

UTB filed a limitation action on April 30, 2020, seeking to limit its liability or exoneration following the accident. (See generally Compl.). On May 13, 2020, Claimants

2

filed their Answer, (ECF No. 6), and on November 16, 2020, Claimants filed their Verified Claims, seeking compensation for the physical and emotional injuries they sustained from the accident and UTB's alleged negligence, (see generally Claims, ECF No. 11).

On December 7, 2020, UTB filed its Answer to the Verified Claims and a Counterclaim against Dorris and Tressler. (ECF No. 12). Dorris and Tressler filed an Answer to the Counterclaim on December 28, 2020. (ECF No. 13). Due to the parties' request, the Court stayed the action pending a mediation, (ECF No. 16), which was unsuccessful, (ECF No. 21).

The parties engaged in extensive discovery between May 6, 2021 and December 30, 2021. (See Jointly Proposed Scheduling Order ["S.O."] at 2, ECF No. 22). On January 21, 2022, Claimants filed a Motion for Leave to File a Motion to Join a third party, (ECF Nos. 36, 37). The parties then participated in a second unsuccessful settlement conference on February 4, 2022. (See ECF No. 52). On April 6, 2022, the Court denied the Motion for Leave to File a Motion to Join a third party. (ECF No. 61).

On May 25, 2022, UTB filed its Motion for Summary Judgment. (ECF No. 66). Claimants filed a Cross Motion for Summary Judgment on June 15, 2022. (ECF No. 67). On February 16, 2023, the Court granted UTB's Motion for Summary Judgment, denied Claimants' Cross Motion for Summary Judgment, and entered judgment in favor of UTB. (ECF No. 75). The Court found that the Agreement, including the indemnity clause, was valid and enforceable. (Feb. 16, 2023 Mem. Op. at 14–21, ECF No. 74).

On March 2, 2023, UTB filed the initial Motion for Attorney Fees, (ECF No. 77), and Bill of Costs, (ECF No. 76). Claimants appealed to the United States Court of Appeals

for the Fourth Circuit on March 20, 2023. (ECF No. 78). After briefing, the Fourth Circuit issued an opinion affirming this Court's judgment on February 28, 2024. (ECF No. 82).

UTB filed a Supplemental Motion for Attorney Fees on March 1, 2024, (ECF No. 83), and a second Bill of Costs on April 2, 2024, (ECF No. 87). Claimants filed an Opposition on March 15, 2024, (ECF No. 84), and UTB filed a Reply on March 22, 2024 (ECF No. 86).

## II.   DISCUSSION

### A.   Standard of Review

Federal Rule of Civil Procedure 54(d) authorizes the recovery of attorney's fees by the prevailing party. Local Rule 109 outlines the procedure for filing a bill of costs and a motion for attorney's fees, and it provides that the motion:

> [M]ust be supported by a memorandum setting forth the nature of the case, the claims as to which the party prevailed, the claims as to which the party did not prevail, a detailed description of the work performed broken down by hours or fractions thereof expended on each task, the attorney's customary fee for such like work, the customary fee for like work prevailing in the attorney's community, a listing of any expenditures for which reimbursement is sought, any additional factors which are required by the case law, and any additional factors that the attorney wishes to bring to the Court's attention.

Local R. 109(2)(b).

The Court generally has discretion to award reasonable attorney's fees, "but where a contract provides for the <u>mandatory</u> award of fees, the court does not have discretion to

refuse to award fees altogether."[2] Dominion Fin. Servs., LLC v. Pavlovsky, 673 F.Supp.3d 727, 754 (D.Md. 2023) (cleaned up). In the Court's February 16, 2023 Memorandum Opinion, the Court held that the Agreement, which required Claimants to indemnify UTB for attorney's fees and costs related to enforcing the Agreement, was valid and enforceable. (Feb. 16, 2023 Mem. Op. at 14–21). Because the Agreement was made in Maryland and the Court applied Maryland law to determine its validity, the Court will also look to Maryland law for guidance on the attorney's fees award. See Dominion Fin. Servs., 673 F.Supp.3d at 754 (applying Maryland law to decide a motion for attorney's fees where plaintiff was entitled to recover fees under a contract formed in Maryland).

This Court's usual starting point for deciding an award of reasonable fees is to "first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate," Dominion Fin. Servs., 673 F.Supp.3d at 754, but the Maryland Supreme Court has held that "the lodestar method is an inappropriate mechanism for calculating fee awards in private, contractual debt-collecting cases." Monmouth Meadows Homeowners Ass'n, Inc. v. Hamilton, 7 A.3d 1, 7 (Md. 2010). Instead, courts "should use the factors set forth in Rule 1.5" of the Maryland Lawyers' Rules of Professional Conduct "as the

---

[2] In their Opposition to the Motion for Attorney's Fees, Claimants argue that UTB cannot recover fees from Christina Dorris because UTB did not specifically name her in the original Motion for Attorney's Fees. (Opp'n Mot. Attorney's Fees ["Opp'n"] at 3–4, ECF No. 84). The Court finds the omission of Christina Dorris' name cannot bar UTB's recovery of costs and fees from her because she is an Adult Claimant who signed the enforceable Agreement. See Dominion Fin. Servs., 673 F.Supp.3d at 754 (explaining that courts must award attorney's fees where such an award is required by an enforceable contract).

foundation for analysis of what constitutes a reasonable fee" in these cases. Id. at 8. Those factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment of the attorney; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the attorney or attorneys performing the services; and (8) whether the fee is fixed or contingent.

Md. R. Att'y 19-301.5(a). "The burden is on the party seeking recovery to provide the evidence necessary for the fact finder to evaluate the reasonableness of the fees." Atl. Contracting & Material Co. v. Ulico Cas. Co., 844 A.2d 460, 478 (Md. 2004).

**B.** **Analysis**

The Court finds UTB's request for $116,921.50 in attorney's fees and $8,485.99 in costs reasonable in view of the circumstances of this case.

As to the fees, five attorneys and one paralegal worked on UTB's defense, as shown in the detailed time records attached to the Motion for Attorneys' Fees, (ECF Nos. 88-2–88-13), and in an Affidavit from counsel, (ECF No. 77-2). No attorney, including partners with many years of experience, charged more than $250 per hour, and the paralegal charged $105 per hour. (Suppl. Mot. Attorneys' Fees at 11–12, ECF No. 88). Claimants do not challenge the reasonableness of these rates, (Opp'n at 5), and the Court finds that the rates are reasonable and consistent with fees customarily charged for similar legal services

because they fall within the Court's advisory range set forth in Appendix B of the Local Rules. See Dominion Fin. Servs., 673 F.Supp.3d at 755 (looking to Appendix B's rates to determine the reasonableness of the attorneys' rates).

Considering the Maryland Rule 1.5 factors, the Court also concludes that a total of over 640 hours of work on the instant litigation—which has an extensive procedural history, including complex issues of joinder and maritime law—is reasonable. Given the complexity of the issues, the time and labor expended by experienced counsel for contested motions, two mediations, and an appeal, as well as counsel's success in achieving judgment for UTB on all claims, the Court finds UTB's fee request for $116,921.50 to be reasonable and appropriate under the circumstances.[3]

For the same reasons, the Court finds UTB's request for $8,485.99 in litigation costs to be reasonable. The itemized spreadsheets submitted show that these costs were necessary to file this action, obtain transcripts and conduct depositions, publish in the Daily Record as ordered by this Court, and otherwise manage this case. (ECF Nos. 87–87-5). The Court notes that the costs claim is uncontested.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant UTB's Motions for Attorney's Fees (ECF Nos. 77, 83). A separate Order follows.

---

[3] Claimants argue that any fees incurred prior to Claimants' filing of their claims on November 16, 2020 should not be awarded because "[u]ntil the Claimants actually filed their claim, the Complainants were not 'compelled' to incur fees or costs." (Opp'n at 5). Claimants do not provide any authority to support their argument, and the Court finds that UTB's counsel's early efforts in shielding their client from liability were necessary and worthy of an award of attorneys fees and costs.

Entered this 25th day of June, 2024.

                                        /s/
                               _____
                               George L. Russell, III
                               United States District Judge